# Wheeling.

Pithole Creek Petroleum Co. *v.* Rittenhouse *et al.*

(*Absent, Johnson, Judge).

Decided, December 15, 1877.

1877.
Special Term.

1. Where the answer of the defendant plainly and directly denies, that R. or plaintiff, or any one for it ever presented a *written request* from H. and the other alleged stockholders, asking him to convey, or transfer certain stock, as alleged in the bill, the *onus* is cast upon the plaintiff to prove the allegation of its bill. *Hayzlett* v. *McMillan et al.* approved.

2. Until the plaintiff shows his title or interest in the subject of the suit, the defendant can not be required to show his title or interest to or in the property in controversy.

3. It has been repeatedly held as a general rule, that a motion to dissolve an injunction will not be continued, unless from some very great necessity. *Arbuckle* v. *McClanahan,* 6 W. Va. 107; *Horn* v. *Perry et al.* 11 W. Va. approved.

4. Where the plaintiff has had from the filing of its original bill in July 1870, up to the 1st of September 1873, to prove the allegations of its bill, the motion to dissolve the injunction will not be continued, because of the insanity of a person by whom it expected to show its interest in the subject of the suit, when it had ample time before the insanity of said person to have obtained his testimony.

An appeal with *supersedeas*, to two orders made, one in term time, on 8th May 1873, and the other in chambers, on 1st day of September 1873, dissolving injunctions awarded to the plaintiff in a cause in chancery,

*Was counsel in the case below.

40

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

pending in the circuit court of the county of Wirt, wherein the Pithole Creek Petroleum Company was plaintiff, and William Rittenhouse and others were defendants.

Hon. J. Monroe Jackson, judge of the fifth judicial circuit, entered the orders complained of.

*John A. Hutchinson,* for appellant.

*Walter S. Sands,* for appellees.

MOORE, JUDGE, who delivered the opinion of the Court, furnishes the following statement of the case:

The Pithole Creek Petroleum Company filed its bill in equity against William Rittenhouse and others, in the circuit court of Wirt county, alleging that Norman Peck made a deed of trust, dated December 15, 1866, exhibited with the bill, whereby he conveyed a lease of land of about four acres, at Burning Springs, in said county, to William Rittenhouse, in trust for the use and benefit of a certain stock company, the members of which and their respective shares or interests in said lease are named in said deed of trust, and thereby it appears that said Rittenhouse was the owner of 8-40 of said lease; C. D. Morrill 4-40, O. Harman 4-40, D. Dustman 4-40, Benjamin Flint 4-40, B. P. Flint 2-40, T. A. Minshall 2-40, Thompson & Sherman, 2-40, J. M. Snyder 2-40, S. L. Wolfe 2-40, A. Pierson 4-40, E. L. Buckwarter 1-40, L. M. Sifford 1-40, J. J. Throckmorton 1-40, S. L. Wallace 1-40 and L. M. Clark 1-40; and that by said deed of trust said trustee was required to convey and assign to such persons, as said parties or either of them should order or direct, such shares or interests in said leasehold property, as likewise should be ordered or directed; that one George Rice, (president of the Pithole Creek Petroleum Co.) purchased from said

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

Harman Minshall, Thompson and Sherman, Pierson, Wallace and Clark, for valuable consideration, all their right, title and interest in and to the said leasehold estate, and obtained from them an order, or instrument of writing under their hands, in compliance with said deed of trust, directing and requiring Rittenhouse to convey, assign and transfer to said Rice their separate and respective interests in and to said property, (the bill professes to exhibit a copy of said order as part of said bill). Complainant further charges, that about the 1st or 12th day of July, 1870, Rice presented to Rittenhouse said order, who plainly and expressly refused to comply with the same, or in any wise to perform and fulfill his duties as such trustee as aforesaid, and wholly failed and refused to convey and assign to Rice the shares; that Rittenhouse claimed that he had other interests in said property besides his 8–10 aforesaid, and that he had attached certain interests of said lease, and intended to subject them to sale to satisfy his presumed claims. Complainant further charges, that Rice has transferred his equitable claims to said 11–40 in said leasehold property to complainant, and that it now owns and controls the same, and is substituted to all the rights of said Rice in and to said shares, and is entitled to a conveyance of the same from the trustee; that it obtained a temporary or uncertain possession of said property to the extent of its interest, 11–40, in the same, and has received and collected rents from the tenants occupying said lease, on which there are five buildings, suitable for dwellings and shops; and that complainant has, by and through said Rice, collected and still claims the right to collect said rents for the purpose of saving its rights and interests in said lease; that Rittenhouse, well knowing the premises, but disregarding his duty as trustee, has instituted suits against each of the said persons occupying said lease, claiming rent from them, as and for himself and the other beneficiaries named in said trust, notwithstanding complainant has received and collected said rents, and

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

is ready and willing to account for the same, whenever properly called upon by the court so to do; that the amount claimed by said Rittenhouse from John Schaffer, one of said tenants, is $50.00; from M. J. O'Brien & Bro., $31.25; from J. W. Ball $12.00, and from Reason Cain $12.00; that D. A. Roberts, Esq., Justice of Burning Springs Township, has rendered judgment against said parties for said several sums of money with costs (copies of which are made part of the bill); that Rittenhouse and said justice threaten to issue executions for said several sums of money; that when it collected said rents by and through said Rice, it agreed to indemnify said parties from whom it collected the same, and therefore has an interest in the matters arising upon said rents and judgments for rents, and especially so, as complainant is tenant in common with the other shareholders in said lease, and that the tenants placed by it on said premises should be fully protected; but Rittenhouse claims not to be acting as trustee under said deed of trust, and declines to act as such, so far as the transfer of said stock is concerned in the matters herein set forth, and is threatening to harrass said tenants of the common property with executions and other process &c. Complainant prays that Rittenhouse be compelled to execute his duty as trustee, as aforesaid, by conveying, by proper and apt conveyance, the interest in said lease transferred to complainant as aforesaid, and that he be restrained and enjoined from all further proceedings on said judgments for rents, that an account may be taken of the same; and for general relief. Injunction was granted July 20, 1870, and the subpœna in chancery was returned executed July 23, 1870, on Rittenhouse Cain, Ball, Shaffer and O'Brien.

Rittenhouse answered the bill at August rules, 1870, by which he admits that Peck conveyed by the deed of December 15, 1866, to respondent, in his own right and as trustee for other parties mentioned in the bill, the said lease, excepting M. L. Sifford, (which should be Mary Sif-

ford); that each of said parties held an undivided interest, and were never organized into a company ; he denies, that by the provisions of said deed of trust he was to convey or assign, as trustee, to such person or persons, as said parties or either of them should direct ; but on the contrary, he, " as trustee, was to assign or transfer said interest of said owners only upon the written request of the said *cestui que trust* signed by them, as will fully appear from said deed. of trust;" that he knows nothing of the purchase by Rice of the interest in said lease of Harman, Minshall, Thompson & Sherman, Wallace and Clark, or his subsequent assignment to complainant, " except what Rice told him," and denies that Rice, or complainant, or any one for it, ever presented a written request asking him. to assign said interest, or either of them, but at the time he requested the said transfer to be made by respondent, Rice did not present any written authority authorizing a transfer to be made from Harman and the others aforesaid ; and before that time respondent, Morrill, Benj. Flint and B. P. Flint, to-wit: January 2, 1869, instituted suit, in said circuit court, and had attached the interests of all the other owners of said lease for a claim amounting to $1,162.00, which attachment was levied and suit instituted before Rice purchased said interest ; he denies, that complainant obtained a temporary possession of said lease, but that the only possession it ever claimed or had was through Rice, who was acting as respondent's agent under a power of attorney authorizing him to collect rents tor this respondent from the tenants on said property for the year 1869, and he never accounted for the rents he collected, excepting for the shares of respondent, Morrill, Benjamin Flint and B. P. Flint; he denies the right of complainant or Rice to the possession of said property, or to collect the rents from the tenants thereon, which tenants were placed there by respondent, acting in his own right and as trustee under said deed of trust; he admits, that Rice collected rents from tenants, but that he forced said rents by having their money in

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

his hands and retaining it against their protest, they having refused to pay him, as respondent notified them not to pay him rent after the expiration of the year 1869; he denies, that complainant ever placed tenants on said property, but that all tenants were placed there by respondent, before Rice or complainant claimed any interest in said lease; and Rice as agent of complainant has thrust himself in between respondent and his tenants, and is forcing them to payments against the consent of said tenants and respondent, and is unlawfully collecting said rents, while respondent is liable, as trustee, to account to the beneficiary parties for the rents and profits of said lease. Respondent admits, that he did institute suits against the tenants alleged in the bill, in his own right and as trustee for the parties aforesaid, to recover rents, and obtained judgment as alleged, and claims, that he had a right so to do, as said Rice refused to pay over or account to respondent for rents collected by him; he denies, that he ever refused to act as trustee under said deed, when requested so to do, but refused to transfer the interest of Harman and others to said Rice, for the reasons before stated, and as said Rice never presented any written authority directing this respondent to make transfer of said interest.

Respondent demurs to complainant's bill; "1st. That the bill is uncertain, vague, and does not show any grounds for relief; 2d. That the exhibit made part of said bill is not filed therewith; 3d. That the dates contained in said bill are all left blank, and for other reasons appearing on the face of said bill; 4th. That Mary Sifford and John M. Snyder, who are parties interested in the subject matter of this suit and to the said deed of trust, are not made parties to this bill &c."

Complainant replied, that the order and requisition of Minshall and others on defendant, to convey and assign to Rice the interests alleged in the bill, was made before the issuing of the attachment alleged in the answer, as appears by exhibit (B) filed with the bill; that at the

date of the suit, in the bill mentioned, Rittenhouse in his own right had no 8–40, or 1–5 in Cozzen's lease, because on the 9th day of April, 1867, Rittenhouse assigned and transferred to one Beverly Smith (now deceased) all his right, title and interest, to-wit: 8–40 in said Cozzen's lease, (the deed is exhibited with the replication). And repliant saith, it is not true, as Rittenhouse avers in his answer, that he has in his own right, or had at the institution of this suit, any title or interest in 8–40 of said Cozzen's lease, &c., and prays, that Rittenhouse may be decreed to be without title in said lease or any part or interest therein in his own right; and that the prayer of the bill may be answered and decreed; and he also replies generally to the answer.

On the 8th day of May, 1873, the circuit court heard the cause upon "the bill and exhibits filed, the process duly served on the home defendants, and the bill taken for confessed as to them, the separate answer of William Rittenhouse, with special replication thereto, on the motion to dissolve the injunction, and was argued by counsel for the plaintiff and defendants, on mature consideration whereof, and it appearing that the injunction should be dissolved, it is therefore adjudged, ordered and decreed that the injunction heretofore awarded in this case be and the same is hereby dissolved; but this bill is retained, with leave, on motion of plaintiff, to reinstate the order of injunction, if the same shall appear to the court to be proper."

On the 22d day of July, 1873, the plaintiff, by its attorney, filed in the clerk's office of said court an order and amended bill in chancery upon injunction.; the order of injunction having been made by the Judge at chambers. The amended bill, after a concise statement of the allegations of the original bill, proceeds to allege, that after filing the original bill said Rice filed as a part of said bill, the assignment and transfer so made by him as aforesaid to the said plaintiff, bearing date on or about the 10th day of July, 1869, but that by some means, un-

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

known to the plaintiff, the said deed of assignment was lost or mislaid out of the papers of said cause, and after reasonable search the same has not been found by the plaintiff, or its agent or attorneys ; that after the sitting of the May term, 1869, of said court, plaintiff's superintendent, George L. Sherman, applied to the said Rice to obtain his affidavit of the fact of the execution of said deed of assignment, and that said Rice stated, that he had so executed said assignment to said plaintiff, and would make another deed in the place thereof, and depose to the one transfer aforesaid, but before plaintiff could procure proper notice to be served on defendant (Rittenhouse) of the time and place of taking said deposition of Rice, he, said Rice, became temporarily affected with a mental disease, rendering him wholly incapable of transacting any kind of business, and the said Rice has since the said term of court, been placed in an insane asylum for treatment, in consequence whereof the said plaintiff has been wholly unable to obtain either this testimony, or his deed of transfers, or substitution, for the one so lost or mislaid as aforesaid; that the plaintiff had well and truly paid said Rice for said leasehold estate, so transferred by him to the plaintiff, before the institution of the suit, and had no reason to suppose but that the said deed was properly on file among the papers of said cause, said Rice being president of plaintiff and having charge of its business; that since the order of injunction, awarded on said original bill, was dissolved, at the said May term of said court, Rittenhouse has been attempting, and is now seeking to enforce the said judgment so enjoined, &c. The prayer of the bill is similar to that in the original bill with the addition, that the injunction be reinstated, that Rice be required, if he attain lucidity, to make a proper transfer in substitution of the original one so lost or mislaid, and for general relief.

The subpœna in chancery, with the injunction endorsement thereon, was served on Cain and Rittenhouse August 2, 1873, the other defendant not found.

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

Rittenhouse filed his separate demurrer and answer to the amended bill; and for cause of demurrer says, that said amended bill, if true, contains no matter of equity, whereon the court can ground any decree, or give the plaintiff any relief as against respondent; and for answer thereto saith, it is not true that after the filing of the original bill, Rice filed as a part of said bill, the assignment and transfer so pretended to be made by him to said plaintiff, and that it is not true, that the same was mislaid or lost out of the papers in said cause, but on the contrary thereof, this respondent says, that the said pretended assignment or transfer never has been filed in the papers of said cause, and he has no knowledge, that the same has been transferred, and he relies upon the following facts in relation thereto: "Said original injunction was granted on the 20th day of July, 1870, and the process, issued on said original bill, was served upon this respondent on the 23d day of July, 1870, immediately thereafter, and at August rules, 1870, this respondent filed his answer, and demurred to said bill, and by reference thereto it will appear, that one of the grounds of demurrer was, that the exhibits made part of said bill are not filed therewith; that respondent has attended every term of said circuit court of said Wirt county since the granting of said original injunction, and has *in vain* examined said file of papers to find any evidence of said pretended assignment and transfer, and that no order has been entered in said cause allowing the plaintiff to file said transfer or pretended transfer; that the same has never been, at any term of said court, filed in the papers of said cause, to the certain knowledge of this respondent. Respondent therefore denies, that said Rice ever did make or execute to said respondent the assignment or transfer aforesaid." He further answers, that he knows nothing of any application of G. L. Sherman, superintendent of said plaintiff, to said Rice for an affidavit of the fact of the execution of said assignment, or as to what Rice stated in

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

answer to said application, and therefore denies the same; and he denies any knowledge of the plaintiff paying Rice for the said leasehold estate, at any time, and calls for full proof thereof; he also denies the allegation in the amended bill, that plaintiff "had no reason to suppose, but that the said deed was properly on file among the papers of said cause;" on the contrary thereof respondent alleges, on his own knowledge, that both the said Rice, president, and Sherman, superintendent of said plaintiff, were present at nearly every term of said court, after the granting of said original injunction, in person and by their counsel, having full access to the papers of said cause, and the same means of knowing that respondent had, that the said pretended deed, assignment, or transfer never was filed in the papers in said cause. He admits, that Rice has since the May term, 1873, of said court become insane, and been placed in an insane asylum; and that the insanity he believes is not temporary but permanent; but that his insanity is no reason for the revival of the injunction in this cause; that plaintiff had nearly three years after the granting of said original injunction, during which time said Rice was sane, to procure evidence of said pretended assignment, and having failed to do so, it cannot now take advantage of its own neglect to the prejudice of the right of defendant.

Notice of motion to dissolve this injunction at chambers, in Parkersburg, on the 1st day of September, 1873, at 2, o'clock P. M. was served on the plaintiff's counsel August 26, 1873, and on John Scarberry agent of said plaintiff, August 27, 1873.

On the 1st day of September, 1873, G. L. Sherman made affidavit, that said notice was not served on the counsel of plaintiff until "six days before the day fixed in and by said notice for the hearing of said motion; that the principal office and place of business of said company is in the city of New York, and that the time was insufficient, within which plaintiff's counsel could

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

correspond with plaintiff's chief officers; that affiant resides out of this State, and since the 15th day of August last has not been an agent or superintendent of said company, having tendered his resignation as such; that the president of said company, George Rice, is still under treatment for mental disorders, but affiant is informed and believes that he is improving, and will soon be able to transact business; that affiant is not now authorized to act as agent of said company, and no one is present at this time able to furnish the books and papers of said company for the purposes of this cause. Affiant reaffirms the matters and allegations set forth in said amended bill."

The order of dissolution of the injunction is as follows:

"The plaintiff having been served with a notice that the defendant, William Rittenhouse, would apply to the undersigned, judge of the fifth judicial circuit, on the 1st day of September, 1873, at 2, o'clock P. M., to dissolve the injunction heretofore awarded upon the amended bill in this cause, the said parties, by their counsel, this day appeared before me pursuant to said notice, and the plaintiff, by counsel, moved to quash the same upon the ground that the same was not served within a reasonable time, which motion is overruled. Whereupon the plaintiff presented the affidavit of G. L. Sherman, and moved, that for reasons therein stated said motion be continued until court, which is also overruled. And said motion to dissolve coming on now to be heard, upon said notice, the papers formerly read, and orders formerly made in this cause, the amended bill filed therein, the demurrer and answer thereto, with general replication, and was argued by counsel. And the undersigned being of the opinion, that said injunction should be dissolved, it is therefore adjudged, ordered, and decreed that the same be and hereby is dissolved.

"Given under my hand this 1st day of September, 1873,

"JAMES M. JACKSON."

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

The said order was entered by direction of said judge in the chancery orders of said court September 3, 1873.

To these two orders of dissolution an appeal and *supersedeas* was allowed September 11, 1873.

MOORE, JUDGE, delivered the opinion of the Court:

The appellant, the Pithole Creek Petroleum Company, assigns six grounds of error in the orders dissolving the orders of injunction in this cause. The first assignment is, that

"Upon the record of the original cause it appeared, that George Rice had the assignment made by Minshall and others of said 11–40's; which 11–40's, it was alleged, had been transferred by assignment to appellant, therefore whether appellant showed the actual paper of assignment or not, the prayer of the bill should have been granted, to-wit: enforcing Rittenhouse to make transfer to Rice, or directly to appellant, the assignee of Rice."

It is true the bill alleges that "Rice purchased from Minshall, Harman, Thompson and Sherman, Pierson, Wallace and Clark, for valuable consideration, all their right, title and interest in and to the said leasehold estate, and obtained from them an order or instrument in writing under their hands, in compliance with said deed of trust, directing and requiring said William Rittenhouse to convey, assign and transfer to said George Rice their separate and respective interests in and to said property." And the plaintiff files with the bill what it alleges to be a copy of said order, marked exhibit (B), and prayed to be taken as a part of the bill, and to which G. L. Sherman on the 19th day of August, 1870, after the answer was filed made affidavit, that it *is a correct copy of an assignment in the possession of George Rice.*" And the plaintiff further alleges, that "on or about the 1st day or about the 12th of July, 1870," Rice presented said order to Rittenhouse, trustee, who refused to comply

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

with the same, and refused to convey and assign to said Rice the shares, &c. The defendant in his answer directly and plainly "denies, that Rice or complainant, or any one for it, ever presented a written request asking him to assign said interests, or either of them; but at the time he requested the said transfer to be made by defendant, he, Rice, did not present any written authority authorizing a transfer to be made from the said O. Harman and others aforesaid."

We must look to the deed of trust, made by Peck to Rittenhouse, to see what was the power delegated to him as trustee to transfer any of the interests thereby conveyed. That deed declares, that "the said William Rittenhouse, trustee as aforesaid, or his successor, shall at any time, *upon the written request of the said cestui que trusts, or any or either of them*, sell, assign, transfer, and set over, or make, or cause to be made, at the proper costs of said *cestui que trusts*, any instruments in writing necessary and lawful to the selling, assigning, transferring or setting over of the same, the aforesaid interests, or any part thereof, of said *cestui que trusts*, or any or either of them, at such time, for such period, for such price, and to such person or persons, or to such corporation or corporations, as they or either of them may, *by said paper writing by them or any or either of them signed, at at any time direct.*"

Now it is plain, that Rittenhouse could not transfer any of those interests entrusted to him by said trust deed, except *upon the writen request* of the *cestui que trusts*, or any or either of them, and such *"paper writing"* must also be signed by the *"cestui que trusts, or any or either of them."* Therefore, as the answer denies plainly and directly, that Rice, or plaintiff, or any one for it, ever presented *"a written request"* from Harman and the other alleged stockholders, asking him to make said transfer, the *onus* is cast upon the plaintiff to prove the allegation of its bill. *Hayzlett* v. *McMillan et al*, (decided this term).

Syllabus 1.

1877.
Special Term.

Ptthole Creek
Petroleum Co.
v.
Rittenhouse
et al.

There is nothing introduced by the plaintiff in proof of the allegations of its bill, that Harman, Jonathan Sherman and others ever assigned their interest to Rice, and requested Rittenhouse, in writing signed by them, to transfer their interests to Rice. The exhibit (B), purporting to be a copy of such a written request, the original being in the hands of Rice, as stated in G. L. Sherman's affidavit, cannot be received as evidence, because the non-production of the original is not accounted for. And even if the original properly authenticated had been introduced, it would only have shown, that those persons had made a written request to and directed the trustee to make the transfer, but the proof would have to go farther, and show that the written request had been presented to the trustee. It would not be proper conduct, on the part of the *trustee*, to make the transfer upon a mere verbal statement, that such a written request had been made and signed by the *cestui que trusts*. That it should be in writing and signed by the *cestui que trusts*, is not only in prevention of fraud, but is protection to the trustee. Hence, the court did not err in dissolving the injunction, especially so as to the plaintiff, as there is not the semblance of proof of any assignment to the plaintiff from any source.

The second assignment is that: "It was error to dissolve the injunction allowed on the original bill, because it clearly appears from the record, that Rittenhouse had transferred all *beneficial interest* in the property to Beverly Smith and the Ross County Oil Company." This assignment is not well taken, and does not come with good grace from the appellant, because the plaintiff to sustain its cause must show first its own title and interest in the subject of the suit. Story's Eq. Jur.

Syllabus 2.

It made the defendant a party by its injunction, and, until the plaintiff shows his title or interest in the subject of the suit, the defendant cannot be required to show his title or interest to or in the property. The plaintiff having failed to show his title or interest to or

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

in the property in controversy in this suit, the injunction was properly dissolved, and it was therefore immaterial, whether the defendant had parted with the property or not.

The third assignment is, that "It was error not to quash the notice given to dissolve the injunction on the amended bill, because the notice was served on the 26th of August, 1873, and the notice was returnable to September 1, 1873, six days notice; because the notice was made returnable to a place outside of the county, wherein the records of the court are kept, to-wit, to the office of the judge in Parkersburg, West Virginia, whereas the court, in which the case was pending, is the circuit court of Wirt county; and because the answer of the defendant was placed in the hands of defendant's attorney in Wood county, and not filed with the papers of the cause in Wirt county."

This Court, following the decisions in *Radford's ex'ors* v. *Innes's ex'ors* 1 H & M. 8; *Arbuckle* v. *McClanahan,* 6 W. Va., 107, 108, held in the case of *Horn* v. *Perry et al.,* at this term, that "it is a general rule not to continue a motion to dissolve an injunction *unless from some very great necessity,* because the court is always open to grant, and of course to reinstate an injunction, whenever it shall appear proper to do so, and because too the plaintiff should always be ready to prove his bill." Syllabus 3.

The plaintiff had time from the filing of its original bill in July, 1870, up to the 1st of September, 1873, and even from the making of its amended bill July 13, 1873, to September 1, 1873, to have been ready to prove its bill, had the plaintiff exercised due diligence; and certainly it is not to be expected, that the court will, after such gross *laches,* continue the motion to dissolve, because of the insanity of Rice, by whom the plaintiff expected to show its interest. If at any reasonable time Rice should recover mental vigor, the court, if proper, could reinstate the injunction, but clearly it should not be expected to continue the motion on that ground, Syllabus 4.

1877.
Special Term.

Pithole Creek
Petroleum Co.
v.
Rittenhouse
et al.

when the plaintiff had ample time before Rice's insanity to have availed itself of his testimony.

As to the assignment, that the notice of the motion to dissolve was returnable before the judge in Parkersburg outside of Wirt county, where the cause was pending : This ground is not tenable, as decided by this Court in *Hayzlett* v. *McMillan*, and *Horn* v. *Perry*, Wirt county and Parkersburg being in the same judicial circuit. It was also held in *Hayzlett* v. *McMillan*, that "generally an answer to a bill in equity can only be filed during the session of the court, or at the rules ; but by our statute an exception is made in cases of injunction. The larger power, to entertain and decide the motion to dissolve, embraces that of receiving the answer and also replication thereto, and making them a part of the record. Hence it was not error to place the answer in the hands of the defendant's attorney in Wood county, to be filed upon the hearing of the motion to dissolve, (even if the answer was so placed in the attorney's hands, but the record does not show such fact) especially as the hearing of the said motion was to be by the judge in chambers in said county, and both counties being in the same judicial circuit.

The fourth assignment has been considered under the third ; and for the reasons there stated, the court did not err in refusing to continue the motion to dissolve.

The fifth assignment, that the injunction should not have been dissolved, on the ground that the object and purpose of the amended bill was to supply a lost paper *i. e.*, the assignment by Rice to plaintiff. The allegations of the amended bill both as to the existence and the loss of said paper are fully and positively denied; no proof was offered in support of the bill, therefore the court properly dissolved the injunction. *Hayzlet* v. *McMillan*, and *Horn* v. *Perry*.

The sixth assignment is, that "it was error to dissolve the injunction last mentioned, because the judge in vacation had no jurisdiction to dissolve injunctions sit-

ting out side of the county, wherein the court is held, without the express consent of the parties, and even consent could not confer jurisdiction." The question raised by this assignment was considered under the third assignment; and it was there stated not to be error, under the decisions in *Hayzlett* v. *McMillan*, and *Horn* v. *Perry*. It is competent for the judge of a circuit, in which a case is pending wherein an injunction is awarded, to dissolve such injunction in vacation, after reasonable notice to the adverse party, in a county of his circuit other than that in which the cause is pending.

The said two orders of the circuit court, dissolving the said injunctions, are clearly right, and should be affirmed, with costs, and $30.00 damages ; and this cause is remanded to the circuit court of Wirt county, to be further proceeded in according to the principles and rules governing courts of equity.

JUDGES, HAYMOND, and GREEN, concurred.

ORDERS CONFIRMED.